UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TIFFINEY CLEAVES-MOORE and TAMIKA NICHOLSON, <br><br> Plaintiffs, <br><br> vs. <br><br> KIA AMERICA, INC., KIA CORPORATION., AND HYUNDAI AMERICA TECHNICAL CENTER, INC., <br><br> Defendants. | Case No. 26-cv-131 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant, Kia America, Inc. ("Kia America"), by its attorneys, O'Hagan Meyer, LLC, hereby provides notice of removal of this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division. In support of this Notice of Removal, Kia America respectfully states as follows:

I. BACKGROUND

On December 26, 2025, Plaintiffs filed a complaint in the Circuit Court for Milwaukee County in Wisconsin against Kia America, Inc. ("Kia America"), Kia Corporation, and Hyundai America Technical Center, Inc. ("HATCI"). Plaintiffs served the Complaint on Kia America on December 30, 2025. The Complaint asserts the following causes of action: (1) strict products liability (defective design, failure to warn), (2) negligence (design, testing and manufacture), (3) negligence – failure to warn, (4) negligence per se, and (5) vicarious liability/agency liability. Removal is warranted based on diversity of citizenship.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Kia America is attached hereto as **Group Exhibit A**.

II. VENUE AND JURISDICTION

Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Circuit Court for Milwaukee County, Wisconsin, where the Complaint was filed, is a state court within the Eastern District of Wisconsin.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (i) there is complete diversity of citizenship between Plaintiffs and Defendants; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) Defendant Kia America has satisfied the procedural requirements for removal.

A. There is complete diversity of jurisdiction between Plaintiffs and Defendants.

There is complete diversity of citizenship between the Parties in this case. Plaintiffs are all Wisconsin citizens. (Compl. ¶¶ 6, 7.) Because Defendants Kia America, Inc., Kia Corporation, and HATCI are corporate entities, they are citizens of any state in which they are incorporated and any state in which they have their principal places of business. *See* 28 U.S.C. § 1332. Kia America is incorporated in and has its principal place of business in California. (Compl. ¶ 9.) Kia Corporation is incorporated in and has its principal place of business in South Korea. (*Id.* ¶8.) HATCI is incorporated in and has its principal place of business in Michigan. (*Id.* ¶ 10.)

Plaintiffs also name "Fictitious Defendants A, B, & C" as defendants but do not provide any information as to their citizenship. (*See id.* ¶ 11) Under the Federal Rules of Civil Procedure, "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1); *see Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols.* LLC, 893 F.3d 454, 459 (7th Cir. 2018) ("[T]he citizenship of [John Doe] defendants can be disregarded for diversity jurisdiction . . . ."); *Lim v. Metcalf & Assocs., P.C.*, 2022 WL 17261402, at *3 (W.D. Wis. Nov. 29, 2022)

("[T]he presence of Doe defendants can no longer defeat federal subject matter jurisdiction and is not a basis for remand.").

Because there is complete diversity between Plaintiffs and Defendants and the citizenship of the fictitiously named Defendants is disregarded for removal purposes, there is compete diversity among the parties.

B. The amount in controversy exceeds $75,000.

Federal law limits federal diversity jurisdiction to matters for which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(b); 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014). While Plaintiffs' Complaint does not state a specific damages dollar figure, there is no doubt that the amount-in-controversy requirement is satisfied here; Plaintiffs bring strict-liability and negligence claims for severe and permanent bodily injuries as a result of an automobile collision. (*E.g.*, Compl. ¶¶ 154, 160.) Through this action, Plaintiffs seek an award for "pain and suffering, emotional distress, medical expenses (past and future), loss of normal life, and economic damages". *Id.* Given the nature of the allegations and claims for damages made against the Defendants, it is "obvious" that "damages are likely to far exceed the jurisdictional threshold." *See Estate of Buchman By Buchman v. C.K. Drill, LLC*, 2023 WL 2496508, at *2 (E.D. Wis. Mar. 14, 2023) ("obvious" that amount in controversy met where complaint did not demand exact sum, but plaintiff brought strict-liability and negligence claims).

C. Defendant has satisfied the procedural requirements for removal.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

3

Kia America received service of the Complaint on December 30, 2025. Kia America has filed this Notice of Removal within 30 days of Plaintiffs' service of the Complaint on it. Further, simultaneous with filing this Notice of Removal, Kia America provided written notice of this Notice to Plaintiffs' counsel of record and filed written notice of this Notice (along with a true and complete copy hereof) in the corresponding action brought in the Circuit Court for Milwaukee County, Wisconsin, bearing civil action number 2025CV010995. Hyundai America Technical Center, Inc. ("HATCI"), which was served on or around the time Kia America was served, has consented to Kia America Notice of Removal. (*See* **Ex. B** (Def. HATCI Joinder in Notice of Removal).) At this time, Kia Corporation "need not join" in Kia America, Inc.'s Notice of Removal because, upon information and belief, Kia Corporation has not yet been "properly joined and served." *City of Yorkville ex rel. Aurora Blacktop Inc. v. America Southern Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011); 28 U.S.C. § 1446(b)(2)(A). Therefore, Kia America has satisfied the procedural requirements for removal.

III.   CONCLUSION

Kia America respectfully gives notice that the above-captioned civil action pending in the Circuit Court for Milwaukee County is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, Defendant Kia America, Inc. respectfully requests that this Honorable Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Milwaukee County, Wisconsin, and for any other relief this court deems appropriate.

DATED: January 27, 2026                    Respectfully submitted,

                                                                    KIA AMERICA, INC.

                                                                    By: */s/ Denean K. Sturino*
                                                                    One of its Attorneys

                                                                    Denean K. Sturino (SBN 1029532)
                                                                    O'Hagan Meyer, LLC
                                                                    One East Wacker Drive, Suite 3400
                                                                    Chicago, IL 60601
                                                                    312.422.6100
                                                                    312.422.6110 / fax
                                                                    dsturino@ohaganmeyer.com